■ In the Matter of the Claim of CLARA UNTERBERG, Appellant, v. NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which denied death benefits on the ground that the deceased employee did not sustain an accidental injury. Decedent was employed by the State Department of Labor as an examiner and, among other things, served summonses under the supervision of the Attorney-General. Prior to an incident which occurred in decedent's office on December 16, 1957, he had been receiving treatment from a physician for "anginal syndrome coronary insufficiency". The board has found: "Substantial credible evidence indicates no extreme argument occurred on December 16, 1957 and that the brief discussion between the decedent, the co-worker and the person who sought an explanation for the summons served upon him * * * was not loud or excitable." There are two versions in the record concerning the incident and one of them amply sustains the above-quoted determination of the board, and of course the board could accept that version and reject the other. There is medical testimony in the record that there was no causal relation between the alleged altercation and decedent's subsequent heart attack and death. There is ample authority for the board's decision (*Matter of Gordon* v. *Temple Beth El of Great Neck,* 18 A D 2d 855; *Matter of Santacroce* v. *40 W. 20th St.,* 9 A D 2d 985, affd. 10 N Y 2d 855; *Matter of Cramer* v. *Barney's Clothing Store,* 15 A D 2d 329, affd. 13 N Y 2d 711). Decision affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.

■ In the Matter of the Claim of LILA KERR, Respondent, v. CLIFTON FINE HOSPITAL et al., Appellants, and St. LAWRENCE COUNTY DEPARTMENT OF SOCIAL WELFARE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. — As against appellants' medical evidence and their contentions, first, that there was no disability after December 11, 1957 attributable to the first accident and, second, that there was no substantial evidence supportive of the board's allocation of the disability, the board was entitled to accept the finding by the treating osteopath of continuing disability attributable to both accidents and the opinion of the board's examining physician that claimant has a permanent partial disability, attributable two thirds to the first accident and one third to the second; and we are unable to account the evidence thus accepted as less than substantial. Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.